# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR, | CASE NO. 1:06-cv-01157-OWW-GSA PC |
| Plaintiff, | ORDER VACATING COURT'S ORDER OF AUGUST 25, 2008 |
| v. | (Doc. 10.) |
| SCHWARZENEGGER, et al., | ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE AND DIRECTING PLAINTIFF TO ATTEMPT SERVICE HIMSELF |
| Defendants. | |
| | ORDER FOR CLERK TO SEND SERVICE DOCUMENTS TO PLAINTIFF |
| | DEADLINE OF 120 DAYS TO EFFECT SERVICE |

Orrin Carr ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 29, 2006.

On August 25, 2008, the court issued an order finding that plaintiff's complaint states cognizable claims for relief under section 1983 and instructing plaintiff to complete and return documents to the court, to initiate service by the U.S. Marshal. (Doc. 10.) The court's order stated that plaintiff is proceeding in forma pauperis in this action. However, a review of the record shows that plaintiff paid the filing fee for this action on October 10, 2006. (See Court Docket.). As a result of payment of the filing fee, plaintiff is not proceeding in forma pauperis in

this action. Therefore, it is plaintiff's responsibility to effect service of the summons and complaint on defendants himself, and the U.S. Marshal shall not be ordered to attempt service upon defendants. In light of this, the court shall vacate its August 25, 2008 order, and plaintiff shall be given new instructions herein for attempting service himself.

The court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds that it states a cognizable claim for relief under section 1983 against defendants Schwarzenegger, Hickman, Woodford, Kenneally, Perez, Moore, Lushbough, Bentley, Guaderrama, and Douglas for unconstitutional state parole procedures. Fed. R. Civ. P. 8(a); a prisoner's claims are cognizable under § 1983 if the prisoner seeks a finding that state procedures used to deny parole eligibility and/or parole suitability are invalid. Wilkinson v. Dotson 544 U.S. 74, 82 (2005) citing Wolff v. McDonald, 418 U.S. 539, 554 (1974) and Heck v. Humphry 512 U.S. 477, 487 (1994).

The Clerk of the Court will be directed to issue ten (10) summonses and send them to plaintiff for the purpose of service of process. Fed. R. Civ. P. 4. Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within one-hundred twenty (120) days from the date of service of this order. Plaintiff shall serve a copy of this order on each defendant together with a copy of the summons and complaint. The following two sections contain instructions on how to serve defendants.

A.   Waiver of Service

Pursuant to Rule 4(d)(2), plaintiff may (but is not required to) notify defendants Schwarzenegger, Hickman, Woodford, Kenneally, Perez, Moore, Lushbough, Bentley, Guaderrama, and Douglas of the commencement of this action and request that they waive service of the summons. Fed. R. Civ. P. 4(d)(2). If plaintiff wishes to do this, he must mail each defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of the complaint. The documents must be addressed directly to each defendant (not the Attorney General's Office) and must be dispatched (mailed) through first-class mail. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow

each defendant at least thirty (30) days in which to return the waiver to plaintiff.  If defendants sign and return the waiver forms to plaintiff, plaintiff must then file the forms with the court.  After filing the forms with the court, plaintiff need not take any further steps to serve defendants.  Fed. R. Civ. P. 4(d)(4).

B.  Personal Service

If either (1) plaintiff does not wish to request defendants to waive service or (2) one or more of the defendants fail to return the Waiver of Service of Summons form to plaintiff, plaintiff must have personal service effected on defendants.  Each defendant must be personally served with a summons and copy of the complaint, along with a copy of this order.  Plaintiff may not effect personal service himself.  Fed. R. Civ. P. 4(c).  Service may be effected by any person who is not a party to this action and who is at least eighteen years old.  Id.  The court will provide plaintiff with a copy of Rule 4 along with this order.  Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected.

C.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

    Gov. ARNOLD SCHWARZENEGGER;

    RODERICK HICKMAN, CDCR Secretary;

    JEAN WOODFORD, CDCR Undersecretary;

    DENNIS KENNEALLY, Board of Parole Hearings Executive Director;

    MARGARITA PEREZ, Board of Parole Hearings Chairperson;

    JONES MOORE, Board of Parole Hearings Commissioner;

    DIANE LUSHBOUGH, Board of Parole Hearings Deputy Commissioner;

    CAROL BENTLEY, Board of Parole Hearings Commissioner;

    M. GUADERRAMA, Board of Parole Hearings Commissioner; and

    MIKE DOUGLAS, Board of Parole Hearings Deputy Commissioner

2. The Clerk of the Court is directed to issue and send plaintiff ten (10) summonses;

///

3. The Clerk is further directed to send plaintiff:

    a) One (1) copy of the complaint filed August 29, 2006;

    b) One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons;"

    c) One (1) copy of the form entitled "Waiver of Service;"

    d) One (1) copy of the form entitled "Consent to Proceed Before United States Magistrate Judge" with instructions; and

    e) One (1) copy of Rule 4 of the Federal Rules of Civil Procedure;

4. Plaintiff shall complete service of process on defendants Schwarzenegger, Hickman, Woodford, Kenneally, Perez, Moore, Lushbough, Bentley, Guaderrama, and Douglas within **one-hundred twenty (120) days** from the date of service of this order. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on defendants at the time of service of the summons and complaint; and

5. Plaintiff's failure to timely complete service of the complaint on defendants Schwarzenegger, Hickman, Woodford, Kenneally, Perez, Moore, Lushbough, Bentley, Guaderrama, and Douglas may result in dismissal of this action. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated: **August 26, 2008**         /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE